I concur in the majority's analysis and disposition of appellants' claims relating to conversion and invasion of privacy. However, I respectfully dissent from the majority's decision to reverse the trial court's decision relative to appellants' claim for wrongful eviction.
The fact a dispute may exist in the pending forcible entry and detainer action as to whether appellee accepted appellants' late payments or merely retained them for evidentiary purposes, is not material to the case sub judice.[1] Appellee proceeded under a lawfully issued writ of restitution. The municipal court's subsequent decision to vacate the judgment does not operate to retroactively transform a lawful act into an unlawful one. Appellants failed to appear at the original hearing on appellee's forcible entry and detainer complaint, failed to request a stay of the municipal court's writ of restitution, and failed to appeal from that decision. Having so failed, I find no legal basis to support appellants' claim for wrongful eviction regardless of the ultimate outcome of the pending municipal court action.
I would sustain the trial court's decision in toto.
 _________________________ Hoffman, William B. J.,
[1] Appellants did not allege a cause of action for fraud.